IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Alan Crocker, ) | C/A No. 1:11-1629-CMC |
| ) | |
| Plaintiff, ) | **AMENDED**[1] |
| ) | **ORDER GRANTING PETITION** |
| v. ) | **FOR ATTORNEY'S FEES** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social Security ) | |
| Administration,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff seeks an award of attorney's fees in the amount of $4,635.00, representing 12.5 attorney hours at a rate of $180.00 per hour and 26.5 paralegal hours at a rate of $90.00 per hour. Defendant ("Commissioner") opposes the petition, arguing that Plaintiff is not entitled to an award of fees because the Commissioner's position in this case was substantially justified. Should the court find that the Commissioner's position was not substantially justified, the Commissioner argues that the some of the time is not compensable and is excessive. For reasons set forth below, the court finds that the Commissioner's position was not substantially justified and awards Plaintiff attorney's fees.

---

[1] This order is amended to correctly identify Plaintiff.

[2] Carolyn W. Colvin is substituted as the Defendant in this action because she became the Acting Commissioner of Social Security on February 14, 2013. As provided in the Social Security Act, "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." 42 U.S.C. § 405(g). For ease, the court will refer to the Acting Commissioner as the Commissioner.

**STANDARD**

Under the EAJA, a court is directed to award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2006). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). Substantially justified does not mean "justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138-39 (4th Cir. 1993).

**FACTS**

Plaintiff applied for Supplemental Security Income ("SSI") on August 3, 2006, alleging disability as of July 1, 2006. The ALJ, in a decision issued June 4, 2009, found Plaintiff not disabled and denied his claim. *Id.* The Appeals Council denied Plaintiff's request for review. *Id.*

Plaintiff filed this action on July 6, 2011. Dkt. No. 1. On November 14, 2012, Magistrate Judge Shiva V. Hodges issued a Report and Recommendation ("Report"), recommending that the Commissioner's decision be reversed and the matter remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 24. The Report's recommendation was based on the ALJ's failure to evaluate Plaintiff's mental impairments pursuant to the special technique in 20

C.F.R. § 404.1520a. The Commissioner did not object to the Report. Dkt. No. 27. On November 28, 2012, the court adopted the Report, reversed the Commissioner's decision, and remanded the case. Dkt. No. 28.

On February 27, 2013, Plaintiff filed a petition for attorney's fees pursuant to the EAJA. Dkt. No. 31. On March 18, 2013, the Commissioner filed an opposition to Plaintiff's EAJA petition (Dkt. No. 32), to which Plaintiff replied on March 27, 2013. Dkt. No. 33.

### DISCUSSION

**A. Substantial Justification.** The Commissioner argues that she was substantially justified in her position that the ALJ properly evaluated Plaintiff's mental impairments pursuant to the special technique. The Report, which was adopted absent objection by the Commissioner, explained that the ALJ failed to specifically consider the four functional areas required by the special technique.[3] As pointed out by the Commissioner, the ALJ must include in his decision "the pertinent findings and conclusions based on the technique." Dkt. No. 32 at 5 (citing 20 C.F.R. § 404.1520a(e)(4)). In light of medical evidence that Plaintiff suffered from mental impairments, and the lack of findings as to the four functional areas included in the special technique, the court finds the Commissioner has not met her burden of establishing that she was substantially justified in defending this action under these circumstances.

---

[3] As explained in the Report, the special technique requires that the ALJ evaluate the claimant's pertinent symptoms, signs, and laboratory findings to determine if the claimant has a medically-determinable mental impairment. Then the ALJ must rate the claimant's degree of functional limitation resulting from the impairment, considering claimant's activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Activities of daily living, social functioning, and concentration, persistence, or pace are rated as none, mild, moderate, marked, or extreme. Episodes of decompensation are rated as none, one or two, three, or four or more. Based on those ratings, the ALJ can determine whether a mental impairment is severe or not severe.

**B. Reasonableness of Fees.**[4] The Commissioner argues that the attorney hours claimed are excessive. In total, Plaintiff seeks 12.5 attorney hours and 26.0 paralegal hours.[5] Counsel utilizes a paralegal/attorney system when representing clients in the District Court. In preparing the opening brief, the paralegal spent 14.75 hours preparing a draft and the attorney spent 5.5 hours reviewing and revising that draft. The Commissioner argues that 5.5 hours to review the brief is excessive and that 4.0 hours is reasonable. The court has reviewed the 38-page document and finds that the time requested is reasonable. In preparing the reply, the attorney spent 3.0 hours conducting research and 3.0 hours reviewing the paralegal's draft. The Commissioner argues that those hours are excessive and that both tasks should be reduced by 1.0 hour each. Upon review of the reply brief, the court finds the claimed time is reasonable. The court, therefore, grants Plaintiff's petition for attorney's fees.

Plaintiff also requests an additional 0.5 hour of attorney time and 1.0 hour of paralegal time for responding to the Commissioner's opposition to an award of EAJA fees. The requested time is reasonable and is, therefore, added to Plaintiff's original request. The court awards Plaintiff $4,770.00 in attorney's fees, representing 13.0 attorney hours ($180 per hour) and 27.0 paralegal hours ($90 per hour).

## CONCLUSION

For reasons set forth above, the court grants Plaintiff's petition for attorney's fees under the

---

[4] The Commissioner argues that .5 hour claimed as paralegal time is not compensable because the tasks completed were purely clerical. Dkt. No. 32 at 6. Plaintiff agrees to reduce the paralegal time by .5 hour. Dkt. No. 33 at 4.

[5] "Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client." *Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002).

EAJA.  The court awards Plaintiff $4,770.00 in attorney's fees.

**IT IS SO ORDERED.**

                                                      S/ Cameron McGowan Currie
                                                      CAMERON MCGOWAN CURRIE
                                                      UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 6, 2013