**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Alan Crocker, ) | C/A No. 1:11-1629-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Carolyn W. Colvin ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

On May 6, 2014, Plaintiff's attorney filed a petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) and Local Rule 83.VII.07. ECF No. 35. This petition sought an award of $1,724.00, "plus 25% of any dependent benefits awarded hereafter" by the Commissioner. *Id.* The Commissioner did not oppose an award of reasonable attorney's fees, but indicated that the court should postpone resolution of the petition until after the notices of awards of dependent benefits were issued. ECF No. 37. Plaintiff's attorney did not oppose this postponement. ECF No. 38. The court, therefore, held the motion in abeyance pending the filing of notices of awards of dependent benefits by the Commissioner and a supplement to the petition for attorney's fees by Plaintiff's attorney.

That process has now been completed through filing of a supplemental petition for attorney's fees. ECF No. 44. This petition supercedes the earlier motion to the extent there are differences between the two. ECF No. 35.[1] The Commissioner responded, indicating no opposition to the fee petition except as to one mathematical correction. ECF No. 45. Plaintiff's counsel did not file a

---

[1] The original petition assumed two offsets, one for $4,770 in attorney's fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and a second for $10,000 for fees counsel anticipated seeking separately for administrative proceedings. The supplemental petition states counsel has not and will not seek a separate award for administrative proceedings and, therefore, does not include an offset for any such anticipated award.

reply and the time for doing so has passed.

Plaintiff's attorney seeks a total fee award of 25% of Plaintiff's and his children's past-due benefits awards ($65,976+ $32,948). He asserts that he has previously received $4,770 in attorney's fees under the EAJA, and, therefore, asks that this amount be offset against the amounts now sought.

The Commissioner does not object to the requested fee award, subject to correction of a mathematical error noted above. Because Plaintiff did not file a reply, this suggested correction is unchallenged. In any event, the court agrees with the Commissioner's calculation.[2]

Therefore, after review of the petition, notices of awards, and supplemental petition in light of the factors to be considered in awarding attorney's fees in a social security case, the court finds that a total award of $24,731 and a net (of previous payment) award of $19,961 are reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[Section] 406(b) calls for court review of [contingency fee agreements] as an independent check, to assure that they yield reasonable results in a particular case"). The fees are sought pursuant to a contingency fee agreement through which Plaintiff agreed to an attorney fee of 25 percent of any past-due benefits to him and his family. This percentage is the maximum allowed by Section 406(b).

Accordingly, the court orders that Plaintiff's counsel be awarded a net payment of attorney's fees of $19,961.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 24, 2014

---

[2] The past due benefits of $65,976 (Plaintiff) and $32,948 (children) total $98,924. Twenty-five percent of this amount is $24,731. After deduction of the $4,770 previously awarded, the net amount is $19,961.

2